IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. 2:06-CR-133 |
| | ) |
| GUILLERMO RIVERA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion for Revocation or Amendment of Detention Order, filed by Defendant, Guillermo Rivera, on August 21, 2007. For the reasons set forth below, the motion is **DENIED**. This Court, having reviewed Magistrate Andrew P. Rodovich's detention hearing and order *de novo*, **ORDERS** that Guillermo Rivera remain **HELD WITHOUT BOND**.

BACKGROUND

Guillermo Rivera ("Rivera") is facing charges in this Court under a three count indictment for violations of 18 U.S.C. section 2113(a), bank robbery. Rivera also faces charges under a separate Illinois indictment for additional alleged bank robberies. A detention hearing was held on May 1, 2007 before Magistrate Judge Andrew P. Rodovich. At that hearing, both the Government and Defendant had a full opportunity to produce evidence. Judge Rodovich ordered that

Rivera be held without bond, finding that he presented both a flight risk and a danger to the community. The written order of detention issued by Judge Rodovich states the reason for his findings as follows:

> Under 18 U.S.C. §3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A). Bank robbery, a violation of 18 U.S.C. §2113, is a crime of violence.
> The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure ... the safety of ... the community ...." Section 3142(e)[.] Over an 18 month period, the defendant committed 11 bank robberies in Illinois and Indiana. He currently is charged in two separate three count indictments with six of these bank robberies. Pursuant to Rule 20, the Illinois charges were transferred to Indiana so that the defendant could enter a guilty plea.
> The defendant has an extensive criminal record including three felony convictions. The defendant may have additional misdemeanor convictions and has a pending auto theft charge.
> Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond. The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND....**

(May 2, 2007 Order at 3).

Rivera now seeks revocation or amendment of Magistrate Rodovich's order.

DISCUSSION

18 U.S.C Section 3145(b) provides for district court review of a magistrate's release or detention order. Pursuant to this

-2-

provision, the district court must conduct a *de novo* review and need not defer to the magistrate's findings. *See United States v. Levine*, 770 F. Supp. 460 (N.D. Ind. 1991)(citations omitted); *United States v. Shaker*, 665 F. Supp. 698, 701 (N.D. Ind. 1987)(citations omitted).

The district court's review of a magistrate judge's detention order may be conducted either by reviewing the transcript, or by holding a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). Although the district court has *authority* to conduct a new hearing, it is not required. 18 U.S.C. section 3142(f) provides that detention hearings "may be reopened before or after a determination by the judicial officer...if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Rivera has offered nothing that would satisfy this threshold requirement for re-opening the detention hearing. As such, this Court exercises its discretion to conduct its *de novo* review without hearing additional evidence or argument.

Under the Bail Reform Act of 1984, a defendant shall not be detained pre-trial unless a condition or combination of conditions will not reasonably assure (1) the defendant's appearance as required and (2) the safety of any other person and the community. 18 U.S.C. § 3142(e). The Government has the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985). Here, the

magistrate found Rivera was a danger to the commuity by clear and convincing evidence, and therefore did not consider whether Rivera also posed flight risk.

In determining whether the Government has carried its burden of proof, the court may consider several factors.  18 U.S.C. § 3142(g).  The factors pertinent to this matter include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence ...;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including -
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history ... and record concerning appearance at court proceedings ...
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.*

Based on a *de novo* review of the evidence presented and proffered before Magistrate Judge Rodovich , this Court adopts the following findings annunciated by Magistrate Rodovich at the close of the detention hearing, and in his written order.

The Government has demonstrated that Defendant is a danger to the community and that no condition or combination of conditions will reasonably assure the safety of the community.  Defendant has been charged with several bank robberies, which are by definition crimes of violence.  The alleged robberies occurred throughout Illinois and

-4-

Indiana.  Defendant has an extensive criminal record, spanning over many years and including felony convictions.

This Court finds that the Government has carried its burden of showing by a preponderance of the evidence that Rivera is a danger to the community.  Accordingly, this Court **ORDERS** that Rivera remain **HELD WITHOUT BOND.**  Pursuant to 18 U.S.C. section 3142(i), it is **ORDERED** that:

- A. Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

- B. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

- C. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DATED: August 31, 2007**               /s/RUDY LOZANO, Judge
                                         **United States District Court**