```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )
vs.                            )    NO. 2:06-CR-133
                               )
GUILLERMO RIVERA,              )
                               )
Defendant.                     )
```

## OPINION AND ORDER

This matter is before the Court on the Amended Motion to Suppress Evidence, filed by Guillermo Rivera ("Rivera") on August 24, 2007. For the reasons set forth below, the motion is **DENIED IN PART** and **TAKEN UNDER ADVISEMENT IN PART**, as more fully explained below.

BACKGROUND

Rivera is charged in a three-count indictment for violations of 18 U.S.C. section 2113(a), bank robbery. Rivera also faces charges under a separate Illinois indictment for additional alleged bank robberies. On August 15, 2007, Rivera filed a motion to suppress. This Court denied that motion with leave to refile, finding that Defendant's vague motion did not warrant requiring a response from the Government, much less a hearing. At this Court's

invitation, Rivera has now refiled his motion to suppress. The Government has responded, and the motion is now ripe for adjudication.

DISCUSSION

In the instant motion, Rivera raises three arguments: (1) that the Government searched his storage locker prior to obtaining a search warrant; (2) that Tiffany Swanson's consent to search the apartment where Defendant resided was coerced; and (3) that Rivera's proffer pursuant to Federal Rule of Criminal Procedure 11 was not knowing, free and voluntary.

As noted in this Court's previous order, the Seventh Circuit has explained that "evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief." *United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998). Indeed, "[e]videntiary hearings are warranted only when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion. *Id.* Here, Defendant's amended motion to suppress suffers from the same shortcomings as the initial motion to suppress. His first two allegations are too vague to justify a hearing. While Rivera

alleges that the locker was searched prior to the warrant being obtained, and that Tiffany Swanson was coerced into consenting to a search of the apartment, Rivera alleges no facts to support these allegations whatsoever.  Accordingly, the motion is **DENIED WITH REGARDS TO THESE CLAIMS**.

Rivera's third claim is that the proffer he gave pursuant to Rule 11 of the Federal Rules of Criminal Procedure was not knowing, free and voluntary.  Specifically, Rivera alleges that, immediately prior to giving this proffer, he was held in solitary confinement without food or water for eight days.  Because this proffer was made pursuant to Rule 11, it cannot be used against Rivera by the Government in its case in chief.  *See* Fed. R. Evid. 410.  However, it *may* be used against Rivera should he later fail to be truthful or make contrary statements at his trial.  *Id.*  Accordingly, the statements contained in Rivera's Rule 11 proffer will only be admissible if Defendant testifies.  Because of this possibility, it is important to further evaluate Rivera's claim, and a hearing is necessary on this matter.  Rivera is now being evaluated by the Bureau of Prisons for his competence to stand trial, and the necessary hearing cannot be scheduled at this time.  After Rivera's competency evaluation is complete, a hearing on this claim will be scheduled.  Accordingly, with regards to Rivera's claim that his

3

Rule 11 proffer should be suppressed, the Amended Motion to Suppress **REMAINS UNDER ADVISEMENT,** and the matter will be set for hearing when the Bureau of Prisons' competency evaluation is complete.


**DATED: August 31, 2007**             /s/ RUDY LOZANO, Judge
                                       **United States District Court**

4