```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION
```

```
UNITED STATES OF AMERICA,      )
                               )
     Plaintiff,                )
                               )
     vs.                       )    NO. 2:06-CR-133
                               )
GUILLERMO RIVERA,              )
                               )
     Defendant.                )
```

## OPINION AND ORDER

This matter is before the Court on the Motion to Suppress Photo Array, filed by Guillermo Rivera on February 22, 2008 [DE 77]; and the Motion to Suppress Evidence, filed by Guillermo Rivera on February 28, 2008 [DE 81]. For the reasons set forth below, the Motion to Suppress Photo Array is **DENIED** [DE 77] and the Motion to Suppress Evidence [DE 81] is **DENIED IN PART** and **TAKEN UNDER ADVISEMENT IN PART**. The motion is **DENIED** with regards to Rivera's claims that evidence obtained from the storage locker and apartment must be suppressed, but **TAKEN UNDER ADVISEMENT** as to Rivera's claim that statements made during his Rule 11 proffer must be suppressed. This Court will hold an *ex parte* hearing regarding Rivera's need to subpoena witnesses for the motion to suppress hearing on April 14, 2008 at 10:00 a.m. Subsequently, this Court will schedule a hearing regarding the voluntariness of Rivera's statements. The

Government is **ORDERED** to provide this Court with an overview of the statements contained in Rivera's Rule 11 proffer on or before April 14, 2008 at 10:00 a.m. to aid this Court's understanding of the parameters of the necessary hearing.

BACKGROUND

Defendant, Guillermo Rivera ("Rivera"), was charged in a three count indictment with bank robbery, in violation of 18 U.S.C. section 2113(a). Rivera also faces charges under a separate Illinois indictment for additional alleged bank robberies. Rivera was initially represented by counsel, but opted to proceed *pro se* in January of 2001. Acting *pro se*, Rivera has filed two motions to suppress addressing a variety of topics, some of which have been addressed previously by this Court. The Government has responded to the instant motions, and they are now ripe for adjudication.

DISCUSSION

Motion to Suppress Photo Array

In his Motion to Suppress Photo Array, Rivera argues that

> [T]he photo array shown to witness' were not a fair and representative sample of all possible suspects. Instead, the array is suggestive and was formulated so as to lead the viewer to identify the defendant.

Rivera has a due process right not to be identified before trial in a manner that is "unnecessarily suggestive and conducive

-2-

to irreparable mistaken identification." *Stovall v. Denno*, 288 U.S. 293, 301-02 (1967); *see also Cossel v. Miller*, 229 F.3d 649, 655 (7th Cir. 2000). To determine whether the identification procedures used comport with due process, Rivera must demonstrate that the identification procedure were unduly suggestive, and if so, whether under the totality of the circumstances the identification was reliable despite the suggestive procedures. *United States v. Rogers*, 387 F.3d 925, 935 (7th Cir. 2004).

Here, Rivera has not sustained his duty of demonstrating the identification procedures used were unduly suggestive. Rivera's motion contains a photocopy of a photo array, but no further facts or evidence whatsoever to support his claim.

The Seventh Circuit has explained that "evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief." *United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998). Indeed, "[e]videntiary hearings are warranted only when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." *Id.*

Defendant's motion contains little more than unsupported legal conclusions. Such a vague showing is insufficient to warrant an

evidentiary hearing, much less to allow this Court to enter an order suppressing identifications made as a result of the photo array.

Motion to Suppress Evidence

In his motion to suppress evidence, Rivera seeks suppression of evidence obtained from a storage locker and his residence, and Rivera also seeks suppression of statements made during a Rule 11 proffer following his arrest.  This motion mirrors one filed by Rivera's counsel prior to Rivera's decision to proceed *pro se*.  When Rivera decided to proceed *pro se*, this Court had already issued an order denying the motion in part and taking it under advisement in part.  Rivera then withdrew the motion to suppress.  Although this Court has considered Rivera's motion to suppress evidence and the Government's response, this Court reaches the same results as in its August 31, 2007 order.

With regards to Rivera's request that evidence obtained from a storage locker be suppressed, Rivera claims "that the search of said storage locker was conducted without a lawful warrant in violation of the Fourth Amendment to the United States Constitution, Federal Criminal Rule 41, and Title 18 United States Code § 3101 et. Seq."  This claim is supported by only the following factual assertion:

> That shortly after his arrest, the Defendant
> was escorted to the Valparaiso Police Dept.

-4-

> for interrogation, at which time FBI agent Harold Pierce could be heard in a phone conversation with an unidentified officer. Agent Pierce is giving instructions to "check contents and secure said locker until he could obtain a warrent [sic]."

Unfortunately for Rivera, even if the allegation above is true, it alone would not be enough to support a ruling that the evidence obtained from the storage locker should be suppressed.  As noted earlier, "evidentiary hearings on motions to suppress are not granted as a matter of course but are held only when the defendant alleges sufficient facts which if proven would justify relief." *Coleman*, 149 F.3d at 677.  Accordingly, Rivera is not entitled to a hearing on his claim that evidence obtained from a storage locker must be suppressed, and his claim must fail.

Turning next to Rivera's request that evidence obtained from his apartment be suppressed, Rivera alleges that the Government's search of his apartment "was made without a warrant to do so and without the Plaintiff's consent."  With regards to the search of the apartment, Rivera further contends "[t]hat a consent form was signed by one of the occupants of the apartment, but the consent was rendered or obtained through intimidation, coercion or force by the Government's agents."  Again, Rivera has failed to support this allegation with any facts whatsoever.  Accordingly, his request must fail.

Lastly, Rivera contends that statements made during a Rule 11 colloquy must be suppressed because

-5-

>> the Proffer was made by the Defendant after being held in solitary confinement and without food for over a week, rendering the Defendant incapable of knowingly, freely and voluntarily understanding and waiving his constitutional right to remain silent in vilation [sic] of the Fifth Amendment to the United States Constitution.

Because this proffer was made pursuant to Rule 11, it cannot be used against Rivera by the Government in its case in chief.  *See* Fed. R. Evid. 410.  However, it *may* be used against Rivera should he later fail to be truthful or make contrary statements at his trial.  *Id.*  As this Court held the last time this claim was raised, a hearing is necessary to determine the voluntariness of Rivera's alleged statements.  Prior to such a hearing, this Court must conduct an *ex parte* hearing with Rivera to determine whether witnesses must be subpoenaed for the hearing on the voluntariness of his Rule 11 proffer.

CONCLUSION

For the reasons set forth above, the Motion to Suppress Photo Array [DE 77] is **DENIED** and the Motion to Suppress Evidence [DE 81] is **DENIED IN PART** and **TAKEN UNDER ADVISEMENT IN PART**.  The motion is **DENIED** with regards to Rivera's claims that evidence obtained from the storage locker and apartment must be suppressed, but **TAKEN UNDER ADVISEMENT** as to Rivera's claim that statements made during his Rule 11 proffer must be suppressed.  This Court will hold an *ex*

-6-

*parte* hearing regarding Rivera's need to subpoena witnesses for the motion to suppress hearing on April 14, 2008 at 10:00 a.m. Subsequently, this Court will schedule a hearing regarding the voluntariness of Rivera's statements.  The Government is **ORDERED** to provide this Court with an overview of the statements contained in Rivera's Rule 11 proffer on or before April 14, 2008 at 10:00 a.m. to aid this Court's understanding of the parameters of the necessary hearing.

**DATED: April 10, 2008**                    **/s/RUDY LOZANO, Judge**
                                             **United States District Court**